IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EDDIE E. ABRAM, | ) | 4:14CV3109 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MCKILLIP, Cpl., | ) | |
| | ) | |
| Defendant. | ) | |

This matter represents one of 18 cases filed by Plaintiff Eddie Abram on May 22, 2014, concerning prison conditions at Tecumseh State Correctional Institution ("TSCI") in Tecumseh, Nebraska. This court has given Abram leave to proceed in forma pauperis in this matter. (Filing No. 8.) The court now conducts an initial review of Abram's Complaint (Filing No. 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I.  SUMMARY OF COMPLAINT

Abram is incarcerated at the Lincoln Correctional Center in Lincoln, Nebraska. However, he was incarcerated at TSCI when he filed this action. He named TSCI guard Corporal McKillip as a defendant in this matter. Abram set forth the following allegations in his Complaint:

> On 10/11/13 Cpl. McKillip made the comment he had his chance to do something to me 4 yrs. ago. I mean he had his chance. I feel this constitute[s] a deliberate indifference because Cpl. McKillip is trying to intimidate me to assault and fight him.

(Filing No. 1 at CM/ECF p. 5.)

Abram set forth in the Complaint that he did not receive a physical injury as a result of this incident. (*Id.* at CM/ECF p. 5.)  As relief, Abram seeks money damages in the amount of $10,000.  (*Id.* at CM/ECF p. 6.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e)(2).  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting

under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988);  *Buckley v. Barlow,*
997 F.2d 494, 495 (8th Cir. 1993).

## III.  DISCUSSION OF CLAIMS

The Eleventh Amendment bars claims for damages by private parties against
a state, state instrumentalities and an employee of a state sued in the employee's
official capacity.  *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th
Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir.
1995).  Any award of retroactive monetary relief payable by the state, including for
back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of
immunity by the state or an override of immunity by Congress.  *See*, *e.g.*, *Id.*; *Nevels
v. Hanlon,* 656 F.2d 372, 377-78 (8th Cir. 1981).  Sovereign immunity does not bar
damages claims against state officials acting in their personal capacities, nor does it
bar claims brought pursuant to 42 U.S.C. §1983 that seek equitable relief from state
employee defendants acting in their official capacity.

Abram has sued a state employee and seeks only monetary relief.  To the extent
he seeks to sue McKillip in his official capacity, the Eleventh Amendment bars claims
for damages by private parties against employees of a state sued in their official
capacities.

In addition, Abram has not stated a constitutional claim upon which relief may
be granted.  Verbal harassment, absent physical injury, is not a constitutional
violation cognizable under Section 1983.  *See Purcell v. Coughlin*, 790 F.2d 263, 265
(2d Cir. 1986) (per curiam); *see also Franks v. Fridley,* No. 13-0561-WS-N, 2014
WL 3540574, at *5 (S.D. Al. July 17, 2014) ("Inappropriate, derogatory, demeaning,
profane, threatening or abusive comments made by a correctional official to an
inmate, no matter how repugnant or unprofessional, do not rise to the level of a
constitutional violation.") (collecting cases).

In addition, conditions of confinement constitute cruel and unusual punishment only where those conditions result in a serious deprivation of "the minimal civilized measure of life's necessities" under contemporary standards of decency. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). To prevail on a conditions of confinement claim, a plaintiff must show: (1) that the prison conditions pose a substantial risk of harm; and (2) that the prison official was deliberately indifferent to that risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Abram has made no such allegations here.

Even when this Complaint is read in conjunction with other Complaints filed by Abram in this court against McKillip,[1] Abram's allegations fail to state an Eighth Amendment claim against McKillip upon which relief may be granted because taunts, threats, name calling, and the use of offensive language do not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials did not rise to the level of a constitutional violation).

---

[1] *See* Case Nos. 4:14-cv-03107-JFB-PRSE (alleging that on November 28, 2013, McKillip called Abram an obscene name); 4:14-cv-03108-JFB-PRSE (alleging that on October 3, 2013, McKillip made Abram beg for shampoo); 4:14-cv-03110-JFB-PRSE (alleging that on November 27, 2013, McKillip did not ask Abram if he wanted to go outside "for yard"); 4:14-cv-03111-JFB-PRSE (alleging that on November 15, 2013, McKillip told Abram he knew Abram was in prison for molesting children, which was a lie); 4:14-cv-03112-JFB-PRSE (alleging that on November 7, 2013, McKillip said Abram was in prison for having sexual relations with his sisters and nieces); 4:14-cv-03113-JFB-PRSE (alleging that on November 27, 2013, McKillip called Abram a child molester); and 4:14-cv-03114-JFB-PRSE (alleging that on October 3, 2013, McKillip asked Abram why he did not fight him on a previous occasion).

As pled, Abram's allegations are frivolous and his Complaint fails to state a claim upon which relief can be granted.  On the court's own motion, the court will provide Abram 30 days in which to file an amended complaint that states a claim upon which relief may be granted against Defendants.  Failure to sufficiently amend his Complaint will result in dismissal of this action as frivolous and for failure to state a claim.

IT IS THEREFORE ORDERED that:

1.      On the court's own motion, Abram shall have 30 days from the date of this Memorandum and Order to file an amended complaint that seeks relief from defendants who are not immune from such relief and that states a claim upon which relief may be granted.  Failure to sufficiently amend his Complaint will result in dismissal of this action as frivolous and for failure to state a claim.

2.      The clerk's office is directed to set a pro se case management deadline in this case using the following text: December 22, 2014: Check for amended complaint.

DATED this 20th day of November, 2014.

BY THE COURT:


s/ Joseph F. Bataillon
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.